*91 OPINION OF THE COURT
Per Curiam.
By order of the Supreme Judicial Court of the Commonwealth of Massachusetts, entered February 13, 2008, the respondent was suspended from the practice of law in the Commonwealth of Massachusetts for a period of 18 months, effective April 14, 2008, for (1) failing to provide competent representation and act with reasonable diligence in three cases, in violation of Massachusetts Rules of Professional Conduct rules 1.1 and 1.3; (2) failing to communicate adequately with clients, in violation of Massachusetts Rules of Professional Conduct rule 1.4 (a) and (b); (3) failing to segregate and account adequately for client funds, and maintain adequate IOLTA records, in violation of Massachusetts Rules of Professional Conduct rule 1.15 (a), (b) and (d) through June 30, 2004, and rule 1.15 (c) and (d) (1) thereafter; (4) failing to supervise his employees adequately, in violation of Massachusetts Rules of Professional Conduct rule 5.1 (a) and (b) and rule 5.3 (a) and (b); and (5) knowingly failing, without good cause, to cooperate with bar counsel, in violation of Massachusetts Rules of Professional Conduct rule 3.4 (c) and rule 8.1 (b) and (g) as well as Rules of the Supreme Judicial Court rule 4:01, § 3 (1).
The respondent failed to notify this Court of his suspension, in violation of 22 NYCRR 691.3 (e).
The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) has served a notice pursuant to 22 NYCRR 691.3 apprising the respondent of his right to file, within 20 days of service, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of his right to demand a hearing at which consideration would be given to any defense enumerated.
Although served with the notice pursuant to 22 NYCRR 691.3 on April 22, 2008, the respondent has neither asserted any of the enumerated defenses nor requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.
A summary compiled by the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts discloses that the matter came before the Supreme Judicial Court for Suffolk County on a stipulated recommendation for suspension. The professional misconduct for which the respon *92 dent was suspended concerned three cases between 1998 and 2004 involving the negligent commingling and misuse of client funds. Restitution was made of all the funds. In two of the cases, the client was not deprived of her funds. However, in one case, the client was deprived of her funds for a significant period.
Massachusetts bar counsel commenced disciplinary proceedings against the respondent by a petition served in March 2007. Prior to the hearing date, the parties submitted a stipulated recommendation for a 18-month suspension for admitted misconduct. The Board of Bar Overseers voted to accept the stipulation and recommendation. On February 13, 2008, the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order suspending the respondent for a period of 18 months, effective April 14, 2008.
Based on the findings of the Supreme Judicial Court of the Commonwealth of Massachusetts, reciprocal discipline is imposed on the respondent pursuant to the Grievance Committee’s notice under 22 NYCRR 691.3, and he is suspended from the practice of law in New York for a period of 18 months.
Prudenti, BJ., Mastro, Rivera, Spolzino and Skelos, JJ., concur.
Ordered that the petitioner’s application is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Robert M. Fuster, admitted as Robert Michael Fuster, is suspended from the practice of law for a period of 18 months commencing November 7, 2008, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of 18 months upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) has otherwise properly conducted himself; and it is further,
Ordered that the respondent, Robert M. Fuster, admitted as Robert Michael Fuster, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
*93 Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Robert M. Fuster, admitted as Robert Michael Fuster, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.
Ordered that if the respondent, Robert M. Fuster, admitted as Robert Michael Fuster, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).